# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2002

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Contrez Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2007
Filed: January 11, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

After a jury convicted Contrez Jones (Jones) of (1) possession with intent to distribute in excess of five grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), and 851; (2) one count of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) one count of possession of a quantity of cocaine base (crack), in violation of 21 U.S.C. §§ 844(a), and 851; and (4) one count of felony possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced Jones to an aggregate of 252 months' imprisonment and an eight year

_____

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

term of supervised release. On appeal, Jones contends the district court erred in denying Jones his constitutional right to call witnesses to testify on his behalf. Jones does not challenge his sentence on appeal. We affirm.

## I.    BACKGROUND

On December 2, 2005, detectives with the St. Louis (Missouri) Police Department observed Jones entering Martrell Dailey's (Dailey) car and sitting in the passenger seat while Dailey occupied the driver's seat. Believing Jones and Dailey were engaged in a drug transaction, the detectives approached the car and observed Jones and Dailey in possession of marijuana. The detectives arrested Jones and Dailey for possession of marijuana and seized the marijuana. A search of Jones, incident to the arrest, revealed cocaine base (crack) and $700 in cash.

On July 27, 2006, a federal grand jury returned an indictment charging Jones and Dailey with possession with intent to distribute five grams of cocaine base and possession of marijuana in relation to the December 2, 2005 arrest, together with other charges. An arrest warrant for both Jones and Dailey was issued as a result of the indictment. While Dailey was arrested without incident, Jones twice evaded arrest, once pointing a handgun at a police officer before driving away at a high rate of speed. Jones was eventually arrested on August 22, 2006.

Dailey pleaded guilty to the charges in the July 27, 2006 indictment. Pursuant to the guilty plea, Dailey admitted giving Jones a bag of marijuana when Jones entered Dailey's vehicle on December 2, 2005. Dailey was not sentenced until April 19, 2007.

Jones's trial commenced on February 5, 2007. After the government rested its case in chief, Jones informed the district court he intended to put Dailey on the stand because he could "shed some light on this matter." Dailey's counsel appeared on Dailey's behalf. The district court inquired how Dailey's counsel would advise Dailey

regarding testifying. Dailey's attorney responded Dailey would only testify under duress and would invoke his Fifth Amendment right. The court asked, "are you telling me that if he were sworn to testify, [Dailey] would say that he would respectfully decline to testify on the grounds that anything he might say or be asked about in this proceeding could conceivably be used against him in another criminal prosecution?" Dailey's lawyer responded, "That is exactly what I would advise him of and that is what I believe he would say."

Jones's attorney argued Jones had a right to call Dailey as a witness. The government responded, noting a witness's invocation of the Fifth Amendment "trumps" a criminal defendant's right to call a witness pursuant to the Sixth Amendment. Jones's attorney then asked the court to instruct the jury Jones had attempted to call Dailey as a witness and Dailey had invoked the Fifth Amendment. The court denied this request.

At the conclusion of the trial, the jury found Jones guilty on four of the five counts against him, finding Jones not guilty of the charge of possessing marijuana on December 2, 2005. This appeal followed.

II.   DISCUSSION

"We review for an abuse of discretion a district court's decision not to compel testimony after a witness has claimed a Fifth Amendment privilege." United States v. Blaylock, 421 F.3d 758, 770 (8th Cir. 2005) (citation omitted). "'It is well settled that an accused's right to compulsory process must yield to a witness's Fifth Amendment privilege not to give testimony that would tend to incriminate him or her.'" Id. (quoting United States v. Habhab, 132 F.3d 410, 416 (8th Cir. 1997)).

Jones asserts the district court violated his Sixth Amendment right to compel the testimony of witnesses when the district court failed to conduct a sufficient inquiry into Dailey's invocation of the Fifth Amendment privilege against self-incrimination.

In doing so, Jones seeks to place the burden on the district court to quiz Dailey's defense counsel on the questions Jones would have asked Dailey and their materiality.

As a matter of law, Jones bears the burden to establish Dailey's testimony would be material and favorable to Jones's defense. See United States v. Mejia-Uribe, 75 F.3d 395, 399 (8th Cir. 1996). Jones failed to do so. Jones merely stated an intention to put Dailey on the stand because Dailey could "shed some light on this matter." Shedding light on a matter is insufficient to establish the materiality of Dailey's testimony or to demonstrate Dailey's testimony would be favorable to Jones. Having Dailey testify may have jeopardized Jones's one acquittal on the marijuana count involving the December 2, 2005, car stop and arrest when Dailey and Jones were discovered together with marijuana. Without an adequate showing, the district court need not consider whether Dailey properly invoked his Fifth Amendment privilege.

## III. CONCLUSION

We find the district court's decision not to compel Dailey's testimony was not an abuse of discretion. We affirm.

_____